UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CHRISTOPHER PIERSON, | ) |
| Petitioner, | ) ) ) |
| v. | ) No. 4:15 CV 818 DDN ) |
| JENNIFER SACHSE, | ) ) |
| Respondent. | ) |

## MEMORANDUM

This action is before the Court upon the petition of Missouri state prisoner Christopher Pierson for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The parties have consented to the exercise of plenary authority by the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). For the reasons set forth below, the petition for a writ of habeas corpus is denied.

## I. BACKGROUND

On November 14, 2011, in the Circuit Court of Montgomery County a jury found petitioner Pierson guilty of receiving stolen property and tampering with computer data, under Mo. Rev. Stat. §§ 570.080 and 569.095, respectively. On February 6, 2012, he was sentenced to 15 years incarceration.

Petitioner directly appealed on grounds of insufficient evidence, and on December 18, 2012, the Missouri Court of Appeals affirmed the trial court's judgment. *State of Missouri v.* Pierson, 391 S.W.3d 30 (Mo. Ct. App. 2012) (summary order). On March 21, 2013, petitioner filed a motion for post-conviction relief in the Circuit Court. After a hearing, the motion was denied on March 5, 2014. Petitioner appealed to the Missouri Court of Appeals, and on April 7, 2015, that Court affirmed the conviction. *Pierson v. State of Missouri*, 460 S.W.3d 481 (Mo. Ct. App. 2015) (summary order).

The facts relevant to plaintiff's conviction, as described in his trial and appellate documents, are as follows. In September, 2009, Crystal Hanna called petitioner and told him she knew where to get a laptop and she would sell it to him. Petitioner told Hanna he would buy the laptop. At the time, Hanna was addicted to heroin and had been using it for three or four years.

While Hanna's neighbor, Joe Bocox, was out of town, Hanna walked to Bocox's home, climbed through a window, and stole a laptop and other computer accessories. Hanna took the laptop to a friend's home in Truesdale and called petitioner. Samantha Downey drove Hanna from Truesdale to the home Downey shared with her fiancé, Terry Dixon, in Jonesburg, Missouri. Petitioner had stayed at this home for a few weeks, but he was not present when Downey and Hanna arrived.

Hanna testified at trial that petitioner arrived later and gave her heroin as partial payment for the laptop. The laptop was password protected and Hanna did not know how to access the computer. Petitioner told her he would give her the rest of the payment in heroin once she figured out how to access the laptop. Downey testified that she "safeguarded" the laptop by changing the password, after petitioner instructed her to do so.

After Hanna was arrested the same night she stole the laptop, she took police officers to Dixon's home where they executed a search warrant. Officers searched the residence and found the laptop and accessories; officers also found some of petitioner's personal belongings including his identification card, wallet, and prescription pill bottles. Petitioner was not present during the search. Police obtained an arrest warrant for petitioner as a result of the evidence gathered from the home and information provided by Downey and Dixon.

On December 16, 2009, petitioner was charged as a prior and persistent offender with one count of the Class C felony of receiving stolen property under Mo. Rev. Stat. 570.080; one count of the Class B felony of distribution of a controlled substance under Mo. Rev. Stat. 195.211; and one count of the Class A misdemeanor of tampering with computer data under Mo. Rev. Stat. 569.095.

At petitioner's trial, Hanna confirmed that she was convicted of burglary for stealing the laptop and was incarcerated as a result. Downey testified that she pled guilty for receiving stolen property. Furthermore, Bocox testified that he bought the laptop four years before the theft for $979 and that the value of all of the stolen property was in excess of $500 at the time of the theft.

After deliberation, the jury acquitted petitioner of distributing drugs, but found him guilty of receiving stolen property and tampering with computer data. At sentencing, the court asked petitioner if he was satisfied with his trial counsel's representation, and the court found no probable cause to believe petitioner received ineffective assistance of counsel.

On February 7, 2014, the Circuit Court held an evidentiary hearing to address petitioner's motion for post-conviction relief. Petitioner claimed ineffective assistance of counsel, because his attorney failed to investigate and establish the fair market value of the stolen property. Petitioner stated that his trial attorney, Mary Joe Smith, met with him twice to discuss his case but never discussed the value of the property. Petitioner admitted he did not lodge any complaints against Smith before or during trial. However, petitioner also affirmed that Smith "came to see [him] twice" and said that Smith told him the stolen property "was covered under warranty." (Doc. 10, Ex. 7 at 9-10). Petitioner also stated that part of the defense theory in his case was that he disputed receiving the stolen property. (*Id.* at 13).

Jamie Cote, owner of an information technology consulting firm in Columbia, Missouri, testified at the hearing. Cote owned and managed the company, where he had sold computer products, including laptops, since 1998. Petitioner's attorney had hired Cote to examine and evaluate the stolen computer equipment – Bocox's laptop and accessories. In the course of his investigation, Cote examined photos of the equipment, the purchase receipt for the equipment, and the transcript from petitioner's trial. Cote stated that as a general rule, laptop computers lose roughly half of their value 18 months after the purchase at the original cost. Further, Cote stated the value tends to decrease to

about a third of its original cost after three years. Beyond five years, Cote stated, the laptop has very little value.

Cote stated that he valued the laptop and equipment according to its worth in September 2009 – about four-and-a-half years after the purchase date of April 2, 2005. Cote stated he could conceive of someone "potentially paying upwards of $200 for the laptop. Cote stated the computer adapter and cord could be purchased online for between $25 and $35. But he also stated that they are considered part of the purchase value of the laptop, and he assigned it no independent value in reaching a valuation. Cote stated he had no reason to dispute the $20 value of the webcam assigned by Bocox, and similarly, Cote had no information to dispute the $120 value of the CAD software. Cote valued the broadband modem at $100. Altogether, Cote he valued the laptop and equipment between $295 to $445. (*Id.* at 14-29).

Petitioner's trial attorney, Mary Jo Smith, testified at the hearing that the defense theory was that petitioner did not take possession of the stolen laptop and equipment. Smith stated that in her estimation the equipment was worth more than $500 based on her own computer purchases, which she said amounted to four or five laptop purchases in the prior 20 years. Defense attorney Smith acknowledged that she had reviewed the police report related to the stolen property and had seen the estimated property value of $526 stated in the report. She also acknowledged that at trial Bocox had estimated the property value at over $500 by using a replacement cost analysis. Smith also stated that she had considered replacement cost in reaching her own estimation of the property's value and had not considered depreciation. Smith stated she had pursued no strategy for determining the property's value other than relying on the police report. This strategy, she stated, was not in conflict with the defense theory that petitioner never received the equipment.

Attorney Smith testified that providing a jury with too many defense theories might discredit a defense attorney in juror's eyes. Smith stated that this type of credibility risk could materialize had Smith attempted to argue the equipment was worth less than $500, because it might contradict the theory that petitioner never possessed the

4

property. Smith's strategy was not to address the valuation issue – "not to plant those seeds in the jury's mind" – because "what was important was he was not there." (*Id.* at 51). Smith stated her focus was on Count II, the Class B felony charge for heroin distribution.

## II. PETITIONER'S GROUNDS FOR FEDERAL HABEAS RELIEF

Petitioner alleges three grounds for relief in this habeas action:

(1) Petitioner's rights under the Sixth and Fourteenth Amendments to effective assistance of counsel were violated when his trial counsel failed to investigate and present evidence that the fair market value of the stolen property was less than $500.

(2) Petitioner's rights under the Fourteenth Amendment to due process were violated, because his conviction was based on insufficient evidence from which a rational trier of fact could have reached a "subjective state of near certitude" to find that petitioner had the requisite knowledge that the property was stolen.

(3) Petitioner's conviction further violated his Fourteenth Amendment rights to due process, because it was based on insufficient evidence from which a rational trier of fact could have found that the fair market value of the stolen property was more than $500.

Respondent contends that the Missouri state court decisions are entitled to deference and that all of petitioner's claims are without merit. Respondent further contends that petitioner's third ground for relief is procedurally barred.

## III. EXHAUSTION AND PROCEDURAL BAR

State prisoners are required to first exhaust their state law remedies before bringing a petition under 28 U.S.C. § 2254. If a prisoner "has the right under the law of the State to raise, by any available procedure, the question presented," he has not exhausted his state law remedies. 28 U.S.C. § 2254(c). In Missouri, an appeal to the intermediate state appellate court sufficiently exhausts state remedies to permit federal habeas review under Section 2254. *See* Mo. Sup. Ct. R. 83.04; *Randolph v. Kemna*, 276

F.3d 401, 404 (8th Cir. 2002) ("Rule 83.04 . . . makes clear that Missouri does not consider a petitioner who bypasses its supreme court in favor of federal habeas review to have denied the State its rightful opportunity to resolve federal constitutional claims.") (citations omitted).

It is not sufficient for a petitioner to simply have no remaining procedure for bringing a ground to the state court. *Humphrey v. Cady,* 405 U.S. 504, 516 (1972); *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam). A petitioner must also have fairly presented the substance of each federal ground to the state trial and appellate courts. *Anderson v. Harless*, 459 U.S. at 6. When a state court "must read beyond a petition or a brief (or a similar document) that does not alert it to the presence of a federal claim," the claim has not been fairly presented. *See Baldwin v. Reese*, 541 U.S. 27, 32 (2004). If a petitioner has not fairly presented the claim and he has no remaining state procedure available for doing so, any such ground for federal habeas relief generally is barred from being considered by the federal courts. *Grass v. Reitz*, 643 F.3d 579, 584 (8th Cir. 2011); *King v. Kemna*, 266 F.3d 816, 821 (8th Cir. 2001) (en banc). The doctrine of procedural bar applies whether the default occurred at trial, on appeal, or during state court collateral attack. *See Murray v. Carrier*, 477 U.S. 478, 490–92 (1986).

A petitioner may overcome the procedural bar only by demonstrating either (1) that there is a legally sufficient cause for the default and actual prejudice resulting from it, or (2) that failure to review the claim would result in a "fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). To establish cause for a procedural default, petitioner must demonstrate that some objective factor external to his case impeded his efforts to comply with the state procedural requirements. *Id*. at 750-53. Petitioner may, for example, satisfy the cause requirement by showing that attorney error or oversight rose to the level of ineffective assistance of counsel in violation of the Sixth Amendment. *Carrier,* 477 U.S. at 488-89. However, this avenue is precluded and a procedural default will not be excused when the petitioner fails to raise the ineffective assistance claim in his first post-conviction appeal. *Bailey v. Mapes,* 358 F.3d 1002, 1004 (8th Cir. 2004).

Petitioner raised Ground 1 in a post-conviction motion and Ground 2 on direct appeal, and he timely filed appeals for both of these claims before the Missouri Court of Appeals. Petitioner then timely filed this petition. Accordingly, his claims in Grounds 1 and 2 have been properly exhausted and are not procedurally barred. However, petitioner has not shown that he raised his Ground 3 claim in any previous motion or filing in a Missouri court. Petitioner has not presented any legally sufficient reason why he failed to raise this argument, aside from an allusion to his Ground 1 ineffective assistance of counsel claim. (Doc. 1 at 9). While petitioner did raise his Ground 1 claim of ineffective assistance of counsel in a post-conviction motion, he did not raise this particular Sixth Amendment claim – that his trial counsel failed to raise his Ground 3 claim on direct appeal. (*Id.*, Doc. 10, Ex. 9 at 14).

Petitioner asserts in his federal petition that he raised Ground 3 in his post-conviction motion. (Doc. 1 at 9). However, even if that motion can be construed to contain Ground 3, any such claim is not "clearly distinct" from his claim in Ground 1 (Doc. 10, Ex. 9 at 14), and thus, petitioner failed to fairly present the claim to the state court. *See Humphrey v. Cady,* 405 U.S. at 516 n.18 ("The question . . . is whether any of petitioner's claims is so clearly distinct from the claims he has already presented to the state courts that it may fairly be said that the state courts have had no opportunity to pass on the claim . . ."). Accordingly, petitioner's characterization of Ground 3 would not have alerted the state court to a federal claim because it would require the state court to "read beyond" his petition. *See Baldwin*, 541 U.S. at 32. Therefore, petitioner has not shown a legally sufficient cause for the default.

Absent a showing of cause, this court need not reach the issue of prejudice. *Zeitvogel v. Delo*, 84 F.3d 276, 279 (8th Cir. 1996). Regardless, petitioner also fails to demonstrate actual prejudice resulting from the default. To establish actual prejudice, petitioner must show that the errors of which he complains worked to his actual and substantial disadvantage, infecting his trial with error of constitutional dimension. *Carrier*, 477 U.S. at 494; *Ivy v. Caspari*, 173 F.3d 1136, 1141 (8th Cir. 1999).

Second, petitioner has also failed to show that this Court's failure to consider this argument would result in a miscarriage of justice. Such a miscarriage of justice would exist if petitioner presents new evidence of actual innocence showing "it is more likely than not that no reasonable juror would have convicted the petitioner." *McQuiggin v. Perkins*, 569 U.S. 383, 395 (2013). While petitioner has arguably suggested a showing of actual innocence – "If we can prove the value of the property and prove that it is less, how can I be held with a felony" (Doc. 1 at 8) – he has failed to demonstrate that a jury, with this evidence, would have been unreasonable in nevertheless finding him guilty of a felony.

Accordingly, petitioner's claim in Ground 3 has not been exhausted and is procedurally barred. Nevertheless, if this Court concludes that a procedurally barred ground is without merit, Congress has authorized it to consider and to dismiss it. 28 U.S.C. § 2254(b)(2). The undersigned has considered all of petitioner's federal grounds and concludes that they are without merit.

## IV. STANDARD OF REVIEW

For petitioner's claims in Grounds 1 and 2, which were adjudicated by a Missouri court, the Antiterrorism and Effective Death Penalty Act ("AEDPA") provides that federal habeas relief may not be granted unless the state court adjudication:

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)-(2).

"A state court's decision is contrary to clearly established law if the controlling case law requires a different outcome either because of factual similarity to the state case or because general federal rules require a particular result in a particular case." *Tokar v. Bowersox*, 198 F.3d 1039, 1045 (8th Cir. 1999). The issue a federal habeas court faces

when deciding whether a state court unreasonably applied federal law is "whether the state court's application of clearly established federal law was objectively unreasonable." *Williams v. Taylor*, 529 U.S. 362, 409 (2000). A state court's decision involves an "unreasonable application" of clearly established federal law if "the state court identifies the correct governing legal principle from [the] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Thaler v. Haynes*, 559 U.S. 43, 47 (2010) (per curiam).

A state court's factual findings are presumed to be correct. 28 U.S.C. § 2254(e)(1); *Wood v. Allen*, 558 U.S. 290, 293 (2010). Review under § 2254(d)(1) is limited to the record before the state court that adjudicated the claim on the merits. *Cullen v. Pinholster*, 563 U.S. 170, 182-83 (2011). Clear and convincing evidence that factual findings lack evidentiary support is required to grant habeas relief. 28 U.S.C. § 2254(e)(1); *Wood*, 558 U.S. at 293.

Petitioner's Ground 3 claim was not adjudicated on the merits by a state court, and thus, the pre-AEDPA standard for habeas review governs. *Gingras v. Weber*, 543 F.3d 1001, 1003 (8th Cir. 2008) ("Because [petitioner's] apparently unexhausted claim was not adjudicated on the merits, we likely should apply the pre-AEDPA standard of review, rather than the deferential standard of 28 U.S.C. § 2254(d).") (internal citations and quotations omitted); *Montes v. Trombley*, 599 F.3d 490, 495 (6th Cir. 2010). Under the pre-AEDPA standard, the habeas petitioner must show a "reasonable probability that the error complained of affected the outcome of the trial, or that the verdict likely would have been different absent the now-challenged [defect]." *Robinson v. Crist*, 278 F.3d 862, 865-66 (8th Cir. 2002).

## V. DISCUSSION

### A. Ground One

Petitioner alleges in Ground 1 that his trial counsel rendered constitutionally ineffective assistance by failing to investigate and present evidence that the fair market value of the stolen computer equipment was less than $500. In *Strickland v. Washington*,

9

the Supreme Court determined that the right to effective assistance of counsel arises from the Sixth and Fourteenth Amendments. 466 U.S. 668 (1984). Under *Strickland*, a petitioner is entitled to federal habeas corpus relief upon a showing that "counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Id*. at 686.

First, petitioner must demonstrate that counsel's performance fell below an objective standard of reasonableness. *Id*. at 687–88. There is a strong presumption that counsel has rendered constitutionally effective assistance. *Id*. at 690; *Blackmon v. White*, 825 F.2d 1263, 1265 (8th Cir. 1987). A petitioner must overcome "the presumption that, under the circumstances, the challenged action might be considered sound trial strategy. *Strickland*, 466 U.S. at 689. Counsel has "wide latitude ... in making tactical decisions;" thus, "[j]udicial scrutiny of counsel's performance must be highly deferential." *Id*. Counsel's strategic choices made after thorough investigation are virtually unchallengeable. *Id.* at 690–91. Further, decisions following reasonable, but less thorough, investigation are to be upheld to the extent that they are supported by reasonable judgment. *Id.* A reviewing court must acknowledge that "[e]ven the best criminal defense attorneys would not defend a particular client in the same way." *Id*. at 689–90; *Boss v. Ludwick*, 760 F.3d 805, 811 (8th Cir. 2014).

Second, petitioner must demonstrate actual prejudice by counsel's deficient performance. *Id*. at 687. A reviewing court "must ask if the defendant has met the burden of showing that the decision reached would reasonably likely have been different absent the errors." *Id*. at 696.

On motion for post-conviction relief, petitioner argued that had his trial counsel, attorney Mary Joe Smith, investigated the value of the stolen laptop and equipment and presented testimony as to its fair market value, counsel could have shown the value did not meet the statutory threshold of a Class C felony for receiving stolen property. As a result, petitioner argues, the charge "would never [have] seen the light of trial." (Doc. 1 at 5). However, the motion court found that petitioner's counsel was not ineffective, because her decision to pursue an all-or-nothing defense was not objectively

unreasonable. (Doc. 10, Ex. 8 at 37). The motion court found it reasonable to believe Smith would have lost credibility with the jury had she also chosen to argue petitioner's defense on the grounds that the value of the stolen property did not meet the necessary threshold. (*Id.* at 38). Accordingly, the court found that petitioner had not overcome the presumption that counsel was not ineffective, thus rejecting the claim. (*Id.*).

The court of appeals found the motion court's conclusion about the reasonableness of the all-or-nothing defense was not clearly erroneous. (Doc. 10, Ex. 11 at 7). While pursuing both theories – that petitioner never received the property and that the property was worth less than $500 – would not be inconsistent, the court agreed that counsel is not ineffective if she pursued only one strategy in order to maintain credibility with the jury. (*Id.* at 8) (citing *Clayton v. State*, 63 S.W.3d 201, 207 (Mo. 2001) (recognizing that pursuing alternate defenses "in one trial might hurt an attorney's credibility with the jury in some cases."); *Martin v. State*, 712 S.W.2d 14, 17 (Mo. App. E.D. 1986) ("The jury's failure to acquit does not affect the reasonableness of using an all-or-nothing strategy.") (citing *Love v. State*, 670 S.W.2d 499, 502 (Mo. banc 1984)). The court concluded that "because petitioner's counsel engaged in reasonable trial strategy, her performance was not deficient." Therefore, the court of appeals held the motion court did not err in denying petitioner's motion.

This court cannot conclude that the state courts unreasonably applied federal law in denying petitioner's claims for relief on this point. First, petitioner has failed to show counsel's performance fell below an objective level of reasonableness. The record shows that Smith pursued a legitimate trial strategy in pursuing a single defense theory. While Smith could possibly have found an IT expert to testify that the value of the stolen property was under $500, doing so could have reasonably damaged her credibility with the jury. By pursuing a valuation defense, it's reasonable to believe that a jury might discount the defense theory that petitioner was innocent. As a result, petitioner could have reasonably been subjected to the heroin distribution charge in the eyes of the jury.

Petitioner has failed to rebut the strong presumption that counsel's performance was not ineffective or show that pursuing the suggested defense would have resulted in a

different result. Counsel is presumed to be competent, and decisions based on a reasonable trial strategy do not demonstrate incompetence. *Strickland*, 466 U.S. at 689-91. Counsel is not incompetent merely because the strategy did not succeed. *Id.* at 689. Petitioner has not demonstrated that such investigation would have changed counsel's strategy at trial or altered the jury's verdict.

The motion court and the court of appeals reasonably applied federal constitutional law when they denied petitioner's claim on this ground. The courts reasonably concluded that the petitioner's own statements on the record refuted any claim that his plea was involuntary. The state courts did not unreasonably apply established federal law in rejecting petitioner's claim that counsel's investigation was ineffective. Accordingly, Ground 1 is without merit.

**B. Ground Two**

Petitioner argues that his conviction violated his Fourteenth Amendment rights to due process because it was based on insufficient evidence from which a rational trier of fact could have reached a "subjective state of near certitude" to find that petitioner had the requisite knowledge that the property was stolen. (Doc. 1 at 7). A petitioner is entitled to habeas relief due to insufficient evidence if "it is found that upon the record evidence adduced at the trial no rational trier of fact could have found proof of guilt beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 324 (1979). The fact finder "resolves conflicts in the testimony, weighs the evidence, and draws reasonable inferences from basic facts to ultimate facts." *Id.* at 318–19. A fact finder is allowed to weigh circumstantial evidence exactly as it would direct evidence. *United States v. Lam*, 338 F.3d 868 (8th Cir. 2003). In habeas corpus review, factual findings of the state court are presumed to be correct. 28 U.S.C. § 2254(e)(1). "The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." *Id.*; *see also Hall v. Luebbers*, 341 F.3d 706, 712 (8th Cir. 2003).

The court of appeals found there was sufficient evidence presented at trial to prove petitioner knew the laptop and equipment were stolen. (Doc. 10, Ex. 6 at 3-5). The court

reasoned that since "direct evidence of a defendant's knowledge is seldom available, circumstantial evidence is sufficient," and here, the record provided sufficient circumstantial evidence to submit this count to the jury. (*Id.* at 3). The court recited the following facts from the record:

> The relevant evidence consists primarily of Crystal Hanna's testimony and can be summarized as follows. Hanna told Defendant that "I knew where a laptop was and I was gonna get it and I was gonna sell it to him," and Defendant replied to the effect of "I got you. I'll buy it from you." Hanna stole the laptop and took it to Defendant, and in exchange he gave her some heroin. However, Defendant withheld additional heroin because Hanna wasn't able to provide a password to access the laptop operating system. Hanna testified, "whenever I figured out the code … then I would get the rest of it." In addition, Samantha Downey testified that she safeguarded the computer and changed the password because Defendant asked her to do so. From Hanna's testimony that she "knew where a laptop was" and offered to sell it to Defendant in exchange for heroin, and from Downey's testimony that Defendant asked her to safeguard the computer and change the password, a juror could reasonably infer that Defendant obtained the laptop knowing it was stolen or, in the least, that he obtained it "under such circumstances as would reasonably induce a person to believe the property was stolen."

(*Id.* at 4).

Petitioner failed to "clearly and convincingly" rebut the correctness of the jury's determination that he knew the laptop was stolen beyond a reasonable doubt. Nor has petitioner demonstrated that the state court's determination of the facts was unreasonable. The state court's factual findings are presumed to be correct unless petitioner provides "clear and convincing" evidence to rebut the correctness of the jury's verdict as required by 28 U.S.C. § 2254(e)(1). Petitioner has failed to do so.

Ground 2 is without merit.

### B. Ground Three

Petitioner's third ground alleges the value of the stolen computer and accessories was, according to his expert witness at the post-conviction hearing, $295 to $445, arguing "If we can prove the price of the property [and] prove that it is less how can I be held

with a felony." (Doc. 1 at 8; Doc. 10, Ex. 7 at 12-27). The Court interprets this as either a claim of actual innocence or a claim that his conviction violates his Fourteenth Amendment rights to due process.

Under Missouri law, receiving stolen property is a Class A misdemeanor if the value of the property involved is less than $500 and a Class C felony if the property involved has a value of $500 to $24,999. Mo. Rev. Stat. § 570.080. "Value" is defined as "the market value of the property at the time and place of the crime." Mo. Rev. Stat. § 570.020. If petitioner is arguing the trial court plainly erred because he is actually innocent – in that the value of the stolen property warranted only a misdemeanor and not a felony charge – this is not a constitutional claim cognizable on a petition for writ of habeas corpus. *See Herrera v. Collins*, 506 U.S. 390, 404 (1993) ("a claim of 'actual innocence' is not itself a constitutional claim, but instead a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits.").

If, on the other hand, petitioner claims there was insufficient evidence regarding the value of the stolen property at trial, under the pre-AEDPA standard, a petitioner is entitled to habeas relief due to insufficient evidence if "it is found that upon the record evidence adduced at the trial no rational trier of fact could have found proof of guilt beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 324 (1979). The fact finder "resolves conflicts in the testimony, weighs the evidence, and draws reasonable inferences from basic facts to ultimate facts." *Id.* at 318–19. "The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." *Id.*; *see also Hall v. Luebbers*, 341 F.3d 706, 712 (8th Cir. 2003).

At trial, the victim testified that the value of the items at the time they were stolen exceeded $500. (Doc. 10, Ex. 1 at 91-92). The jury received evidence of the laptop and accessories' purchase prices totaling more than $1,200 approximately four years earlier. (Doc. 10, Ex. 1, at 76-78; Ex. 7, at 19-23). While petitioner presented evidence on post-conviction motion that the items were worth slightly less than $500, there was still sufficient evidence for the jury, at trial, to find their value met or exceeded $500. *See*

*State v. Slocum,* 420 S.W.3d 685, 688 (Mo. Ct. App. 2014) (upholding receipt of stolen property conviction on strength of victim's testimony alone as to the stolen property's value). To the extent petitioner claims his trial counsel should have presented evidence rebutting the victim's representations of value, the Court has already discussed petitioner's ineffective assistance of counsel claim and concluded it is without merit.

Ground 3 is without merit.

## VI. CONCLUSION

For the reasons stated above, the petition of Christopher Pierson for a writ of habeas corpus is denied. Petitioner has made no substantial showing that he was deprived of a constitutional right. Therefore, a certificate of appealability is denied. 28 U.S.C. § 2253(c)(2).

An appropriate Judgment Order is issued herewith.

/s/ David D. Noce
**UNITED STATES MAGISTRATE JUDGE**

Signed on September 10, 2018.